IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DAVID CAIN, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 1:21-cv-6525

**TRUCKMOVERS DEPOT, INC.**     **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff David Cain ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendant TruckMovers Depot, Inc. ("Defendant"), he states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the IMWL.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges IMWL violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Cook County.

7. Defendant is a foreign, for-profit corporation.

8. Defendant's registered agent for service of process is Registered Agent Solutions, Inc., at 3000 Professional Drive, Suite A, Springfield, Illinois 62703.

9. Defendant, in the course of its business, maintains a website at http://truckmovers.com/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant's primary business is transporting vehicles for their customers.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiff's employer.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the IMWL.

16. Defendant employed Plaintiff as an hourly employee from March of 2021 until September of 2021.

17. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and the IMWL.

18. In addition to his hourly wage, Plaintiff received bonuses based on safety and production.

19. Defendant also employed other hourly employees who were eligible for and received bonuses based on safety and production (collectively, "Bonusing Employees").

20. Defendant directly hired Plaintiff and other Bonusing Employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. Plaintiff and other Bonusing Employees received a quarterly bonus based on production and safety ("quarterly bonus").

22. The quarterly bonus was based on objective, measurable criteria such as the amount of work completed and the number of days without accidents.

23. Plaintiff and other Bonusing Employees expected to receive the quarterly bonus and did in fact receive the quarterly bonus.

24. The quarterly bonus was part of Defendant's compensation plan for Plaintiff and other Bonusing Employees.

25. Plaintiff and other Bonusing Employees sometimes or regularly worked in excess of forty hours per week during their employment with Defendant.

26. Upon information and belief, Defendant paid Plaintiff and other Bonusing Employees 1.5x times their base hourly rate for the hours they worked over 40 in a workweek.

27. Upon information and belief, Defendant did not include the bonuses that were paid to Plaintiff and other Bonusing Employees in their regular rates when calculating their overtime pay even though Plaintiff and other Bonusing Employees received bonuses in pay periods in which they also worked in excess of forty hours per week.

28. 29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

29. Defendant violated the FLSA and IMWL by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff and other Bonusing Employees, in their regular rate when calculating their overtime pay.

Page 4 of 12
David Cain, et al. v. TruckMovers Depot, Inc.
U.S.D.C. (N.D. Ill.) No. 1:21-cv-6525
Original Complaint—Collective Action

30. Specifically, Defendant paid Plaintiff a bonus of $525.01 on July 23, 2021, which related to work performed by Plaintiff in the previous quarter (i.e., April 1 to July 1). This bonus should have been included in Plaintiff's regular rate for purposes of calculating his overtime pay, but Defendant failed to pay Plaintiff the regular rate adjustment for all the hours Plaintiff worked over 40 in each week between April 1 and July 1. Plaintiff worked overtime in most of the weeks of that quarter, and in particular the first full week of June.

31. Upon information and belief, Defendant's pay practices were the same for all Bonusing Employees.

32. Upon information and belief, the pay practices that violate the FLSA and IMWL alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

33. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Bonusing Employees violated the FLSA and IMWL.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

34. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

35. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked over forty hours in any week;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

36.     Plaintiff proposes the following collective under the FLSA:

**All Bonusing Employees who received a bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

37.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

38.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

39.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.     They were paid hourly;

B.     They were eligible for and received nondiscretionary bonuses;

C.     They worked over forty hours in at least one week in which they performed work related to a bonus;

D.     They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week; and

E.     They had the same or substantially similar job duties and requirements.

40.     Plaintiff is unable to state the exact number of the collective but believe that the collective exceeds 50 persons.

41. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

42. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

43. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

44. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

45. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

46. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

48. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

49. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x his regular rate for all hours worked in excess of 40 per week.

50. Defendant knew or should have known that its actions violated the FLSA.

51. Defendant's conduct and practices, as described above, were willful.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

53. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

55. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

56. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

57. At all relevant times, Defendant has been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

58. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay

1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

59. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

60. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

61. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

62. Defendant knew or should have known that its actions violated the FLSA.

63. Defendant's conduct and practices, as described above, were willful.

64. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

65. Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

66. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the IMWL)

67. Plaintiff repeats and re-lleges all previous paragraphs of this Complaint as though fully set forth herein.

68. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

69. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

70. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

71. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

72. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

73. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff David Cain, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the IMWL and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL, and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DAVID CAIN, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com