UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CAIN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 21 C 6525 |
| v. | ) ) ) | Judge Sara L. Ellis |
| TRUCKMOVERS DEPOT, INC., | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff David Cain brings this putative collective action on behalf of himself and similarly situated individuals against Defendant TruckMovers Depot, Inc. ("TruckMovers"), alleging that TruckMovers did not properly calculate certain employees' overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* Cain further alleges, only on behalf of himself, violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.* Before the Court is Cain's motion for conditional certification, approval and distribution of notice, and disclosure of contact information. Because Cain has not met his burden to sufficiently show that he was similarly situated to other employees in failing to receive correctly calculated overtime pay or that TruckMovers had a policy that violated the law and applied equally to all employees, the Court denies Cain's motion for conditional certification.

**BACKGROUND**

Cain worked for TruckMovers, a company that transports vehicles for its customers, from March 2021 until September 2021. Doc. 10 ¶¶ 11, 16. As an hourly employee, Cain's responsibilities included "undecking new stacks of truck trailers, using a forklift and hoist to pull trucks and trailers apart, and inspect[ing] trucks and trailers for damage." Doc. 12-7 ¶¶ 4–5.

TruckMovers classified Cain as a nonexempt employee for purposes of overtime under the FLSA and IMWL. Doc. 10 ¶ 17. In addition to an hourly wage, Cain and other hourly TruckMovers employees ("Bonusing Employees") were eligible for and received quarterly bonuses based on safety and production. *Id.* ¶¶ 19, 21. TruckMovers' compensation plan for Bonusing Employees included the quarterly bonus. *Id*. ¶ 24. Cain alleges that TruckMovers based this quarterly bonus on objective, measurable criteria, and that he and other Bonusing Employees expected to receive and did receive the quarterly bonus. Doc. 1 ¶¶ 22–23.

Cain further alleges that he and other Bonusing Employees sometimes worked more than 40 hours per week. *Id*. ¶ 25. In these instances, TruckMovers paid Bonusing Employees 1.5 times their base hourly rate. Doc. 10 ¶ 26. Cain alleges that TruckMovers did not include the bonuses paid to Bonusing Employees in their "regular rates" when calculating their overtime pay. Doc. 1 ¶ 27. Cain points specifically to a $525.01 bonus that he received on July 23, 2021, which related to his performance between April and July 2021. *Id*. ¶ 30. Cain alleges that he worked overtime between April and July 2021, but TruckMovers did not include the $525.01 bonus in his regular rate when calculating his overtime pay. *Id.*

Cain now moves to conditionally certify his claim as a collective action under the FLSA, which would allow other Bonusing Employees to "opt-in" as plaintiffs.

## LEGAL STANDARD

The FLSA requires that employers pay overtime for time worked beyond 40 hours a week at 1.5 times the employee's regularly hourly rate. 29 U.S.C. § 207. Under Section 216(b) of the FLSA, an employee may bring his or her claim "through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chi.*, 605 F.3d 445, 448 (7th Cir. 2010) (citing 29 U.S.C. § 216(b)). "If the plaintiffs are able to show that other potential

2

plaintiffs are similarly situated, courts may conditionally certify the case as a collective action and allow the plaintiffs to send notice of the case to similarly situated employees who may then opt in as plaintiffs." *Williams v. Estates of Hyde Park, LLC*, No. 19 C 2288, 2020 WL 1812386, at *2 (N.D. Ill. Apr. 9, 2020) (citation omitted).

District courts have broad discretion to manage collective actions. *Alvarez*, 605 F.3d at 449 (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 171 (1989)). Courts in this District have adopted a two-step process to determine whether an FLSA lawsuit should proceed as a collective action. *See In re New Albertsons, Inc.*, No. 21-2577, 2021 WL 4028428, at *1–2 (7th Cir. Sept. 1, 2021) (declining to review the district court's order granting conditional certification where the district court used the two-step process "regularly used in the Northern District of Illinois"); *Williams*, 2020 WL 1812386, at *1 ("[C]ollective FLSA actions in this district generally proceed under a two-step process."). The first step—the only step relevant here—is conditional certification, which requires a plaintiff to make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003) (citation omitted) (internal quotation marks omitted). "Although lenient, the conditional certification standard is not a mere formality." *Vazquez v. Ferrara Candy Co.*, No. 14 C 4233, 2016 WL 4417071, at *5 (N.D. Ill. Aug. 19, 2016) (citation omitted) (internal quotation marks omitted). The "modest factual showing" requires factual support outside of the complaint, such as in the form of an affidavit, declaration, or other support beyond a plaintiff's allegations. *Id.* The plaintiff must establish "an identifiable factual nexus that binds the plaintiffs together as victims of a particular violation of the overtime laws." *Nicks v. Koch Meat Co.*, 265 F. Supp. 3d

3

841, 849 (N.D. Ill. 2017). If a plaintiff makes the required showing, a court may allow notice of the case to be provided to putative collective action plaintiffs. *Flores*, 289 F. Supp. 2d at 1045.

## ANALYSIS

Cain alleges that TruckMovers, when calculating Bonusing Employees' overtime pay, failed to account for bonuses in violation of the FLSA. Doc. 1 ¶ 27. Cain seeks to certify a collective action comprised of the following members:

> All Bonusing Employees who received a bonus in connection with work performed in at least one week in which they worked over 40 hours within the past three years.

*Id.* ¶ 36. In support of his motion, Cain submits only his own affidavit. Doc. 12-7. He describes his job, states that he and other employees worked overtime and received bonuses, and declares that TruckMovers did not include his bonus when calculating his overtime pay. *Id.* ¶¶ 3–15. TruckMovers did not submit an affidavit or declaration in opposition.[1]

Even under the lenient legal standard described above, Cain has not made the "modest factual showing" that the proposed plaintiffs are "similarly situated" for purposes of conditional certification. *Vazquez*, 2016 WL 4417071, at *3, 5. Cain has not demonstrated that TruckMovers' alleged policy of omitting bonus payments from its overtime calculation affected other Bonusing Employees. Cain's only evidence comes from his affidavit. Doc. 12-7. Courts do not require a minimum number of affidavits; however, where a plaintiff provides only his own affidavit, he must allege facts about "other impacted employees." *Barrett v. NorthShore Univ. Healthsys.*, No. 1:17-CV-09088, 2019 WL 4412726, at *3 (N.D. Ill. Sept. 16, 2019); *see*

---

[1] When deciding whether a plaintiff is similarly situated with other potential collective members, "the court evaluates the record before it, including the defendant's oppositional affidavits." *Nehmelman v. Penn Nat'l Gaming, Inc.*, 822 F. Supp. 2d 745, 751 (N.D. Ill. 2011). Courts may also consider a defendant's answer to the complaint. *Hudson v. Protech Sec. Grp., Inc.*, 237 F. Supp. 3d 797, 801 (N.D. Ill. 2017) (considering a payroll exhibit, plaintiff's affidavit, and defendant's answer when evaluating motion for conditional certification). Unlike on a motion to dismiss, when considering a motion for collective action conditional certification, a court need not accept a plaintiff's allegations as true. *Nehmelman*, 822 F. Supp. 2d at 751.

4

*also Vazquez*, 2016 WL 4417071, at *6 (denying motion for conditional certification where plaintiff failed to provide "any evidence that any member of the putative collective other than himself was not adequately compensated").

Cain states that he often worked more than 40 hours per week, that he sometimes received quarterly bonuses which covered those weeks, and that TruckMovers did not include those quarterly bonuses when calculating his overtime pay. Doc. 12-7 ¶¶ 10–12. Cain does not provide the same information for the other Bonusing Employees. Cain declares that other employees worked overtime and received quarterly bonuses, *id.* ¶¶ 13, 15, but his affidavit is silent regarding whether TruckMovers' alleged policy of failing to account for bonuses when calculating overtime pay affected other Bonusing Employees. *See Reyes v. ML Enters.*, No. 21-C-437, 2022 WL 909881, at *2 (E.D. Wis. Mar. 29, 2022) (declining to grant conditional certification where the plaintiff's declaration, the sole declaration provided, did not contain evidence that the defendants' allegedly violative practice applied to other employees). Cain discusses whether the other employees "received a bonus, the amount, and whether it was the amount [they] expected," Doc. 12-7 ¶ 15, but those details do not bear on whether TruckMovers improperly calculated other employees' overtime pay. In other words, Cain did not provide any evidence that other Bonusing Employees received bonuses that covered weeks in which they worked overtime, or that TruckMovers miscalculated other Bonusing Employees' overtime payments by failing to include bonuses in their regular rates. *See Reyes*, 2022 WL 909881, at *2 (plaintiff "did not provide any evidence that [defendant's] pay practice extended beyond himself"). Cain has not shown that he was similarly situated to other employees or that they together were victims of a common policy that violated the law.

Because Cain has not met his burden for conditional certification of a collective action, the Court need not consider Cain's proposed notice.

## CONCLUSION

For the foregoing reasons, the Court denies without prejudice Cain's motion for conditional certification of a collective [12].

Dated: September 21, 2022

                                                                               _____
                                                                               SARA L. ELLIS
                                                                               United States District Judge